UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JEWELL D. WIGGINS, | **DECISION AND ORDER** |
| Movant, | |
| -vs- | **Civil Case No. 6:14-cv-6588-MAT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | **Criminal Case No. 6:12-cr-6114-MAT** |

---

**INTRODUCTION**

Jewell D. Wiggins ("Wiggins" or "Movant") brings this pro se motion pursuant to 28 U.S.C. § 2255 ("Section 2255") challenging the legality of his sentence based on Johnson v. United States, --- U.S. ----, 135 S. Ct. 2551 (2015) ("2015 Johnson"), in which the United States Supreme Court voided the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Section 924(e)(2)(B)(ii), as unconstitutionally vague.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 25, 2013, Wiggins entered into a plea agreement whereby he pled guilty to Counts 1 and 4 of the Indictment charging him with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] Wiggins' plea agreement anticipated that he would be

---

[1] The Government agreed to drop Count 2 (another drug charge), as well as Count 3 (possession of a firearm in furtherance of a drug trafficking crime) and to move to dismiss them at sentencing.

sentenced pursuant to the career offender provisions of the United States Sentencing Guidelines ("USSG" or "Guidelines") based on his two prior convictions for controlled substance offenses.

The presentence investigation report ("PSIR") found that Wiggins qualified as a career offender under the Guidelines on the basis of his prior felony convictions for two "controlled substance" offenses: (i) Attempted Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.39(1)), by guilty plea on May 2, 2003, for which he was sentenced to 3 to 6 years in prison; and (ii) Criminal Possession of a Controlled Substance in the Fifth Degree with Intent to Sell (N.Y. Penal Law § 220.06(1)), by guilty plea on February 10, 1999, for which he was sentenced to 30 months to 5 years in prison. At the plea hearing, District Judge David G. Larimer questioned Wiggins about those convictions, and Wiggins confirmed that he was the individual who had convicted in Monroe County Court on those two separate occasions. The Government noted that there was a third drug conviction from 1991, but it was "simple possession of a controlled substance charge based on weight" and therefore "would not qualify as a drug trafficking offense for the enhancement purposes in the [Information to Establish Prior Conviction pursuant to 21 U.S.C.§] 851[.]"[2]

---

[2]

The PSIR reflects that the conviction was actually on June 4, 1990, at which time he pled guilty to Criminal Possession of Marijuana in the Fifth Degree, a misdemeanor, and sentenced to 6 days in jail.

On March 18, 2014, Wiggins was sentenced by Judge Larimer principally to a term of imprisonment of 188 months. Wiggins did not appeal his conviction and sentence.

On October 10, 2014, Wiggins filed his first Section 2255 motion (Dkt #67), which was denied by the Court (Larimer, D.J.) on June 21, 2016 (Dkt #82). Wiggins pursued an appeal to the Second Circuit.

On June 13, 2016, Wiggins filed the instant Section 2255 motion (Dkt #81), asserting a claim under 2015 Johnson.

On November 3, 2016, the Second Circuit issued an order (Dkt #89) dismissing his appeal of his first Section 2255 motion because Wiggins had failed to show the denial of a substantial constitutional right. The Circuit further found that Wiggins' request for permission to file a successive Section 2255 motion raising a 2015 Johnson claim was unnecessary, because he had filed a Section 2255 motion in the district court raising his proposed 2015 Johnson claim, and this motion was not subject to the limitations on filing a successive Section 2255 motion.

On December 19, 2016, Wiggins filed a brief in support of the instant Section 2255 motion. Respondent filed a brief in opposition on December 22, 2016. The matter was submitted without oral argument on January 11, 2017.

For the reasons discussed below, the Section 2255 motion is denied.

**STANDARD OF REVIEW UNDER SECTION 2255**

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or the sentence "is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a). The Court notes that Webb is a pro se litigant and as such, his submissions must be held to "less stringent standards than formal pleadings drafted by lawyers[,]" Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (internal citation omitted), and must be "interpret[ed] . . . to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted).

**DISCUSSION**

Wiggins seeks relief based on the Supreme Court's decision in 2015 Johnson holding that the "residual clause" in the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. Respondent counters that 2015 Johnson does not affect the validity of Wiggins' sentence, because it was enhanced based on two prior drug convictions, all of which are within the Guidelines' definition of "controlled substance offense," which was not affected by 2015 Johnson.

Under the Guidelines, a defendant is considered a career offender if

>   (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>   (2) the instant offense of conviction is a felony that is either a crime of violence *or* a controlled substance offense; and
>   (3) the defendant has ***at least two*** *prior felony convictions of **either** a crime of violence **or** a controlled substance offense.*

USSG § 4B1.1(a) (emphases supplied). At the time of Wiggins' sentencing proceeding, Section 4B1.2(a) defined "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

>   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G., § 4B1.2(2) (former) (emphasis supplied). The italicized portion of Section 4B1.2 is known as the "residual clause."

The Second Circuit has recognized that the operative language of USSG § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical.[3] See, e.g., United States v. Gray, 535 F.3d 128, 130 (2d Cir. 2008) ("[W]here the language of two . . . provisions is identical, we cannot conclude that those provisions have disparate applicability to a type of conduct that inherently

---

[3]

Compare U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" to include "conduct that presents a serious potential risk of physical injury to another") with 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" to include "conduct that presents a serious potential risk of physical injury to another").

involves the risk specified in both provisions.") (quotation omitted). Recently, the Sentencing Commission amended Section 4B1.2(a)(2) to strike the residual clause, finding that it implicated many of the same concerns cited by the Supreme Court in 2015 Johnson. Effective August 1, 2016, the amendment to Section 4B1.2(a)(2) struck the residual clause, and inserted the following:

> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

U.S.S.G. § 4B1.2(a)(2).

Wiggins argues that his "previous convictions cannot serve as predicate offenses under § 924(e)(2)(B)(i) because they do not categorically involve the degree of 'violent' force necessary under another Supreme Court decision, Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 176 L. Ed.2d 1 (2010) [("2010 Johnson")]." (Dkt #87, p. 4 of 5). This argument is misplaced for two reasons. First, Wiggins was not sentenced as an armed career criminal and 18 U.S.C. § 924(e)(2)(B)(i) was not involved in his sentence. Second, the Supreme Court's 2010 Johnson decision does not affect the "prior felony conviction" or "controlled substance offense" definitions in the career offender Guidelines, and therefore it has no effect on Wiggins' sentence.

Likewise, the 2015 Johnson decision does not affect the "prior felony conviction" or "controlled substance offense" definitions in the career offender Guidelines, and therefore that case has no

effect on Wiggins' sentence. Under the Guidelines, a "prior felony conviction" is defined as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated a felony and *regardless of the actual sentence imposed*. . . ." USSG § 4B1.2 Application Note 1 (quoted in United States v. Parnell, 524 F.3d 166, 170 (2d Cir. 2008) (emphasis supplied)). The Guidelines define "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b); see also Application Note 1 to USSG § 4B1.2(b).

Wiggins has two prior convictions that qualify as controlled substance offenses for purposes of the Guidelines. First, Wiggins has a conviction by guilty plea on May 2, 2003, for Attempted Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.39(1)), for which he was sentenced to 3 to 6 years in prison. Criminal Sale of a Controlled Substance in the Third Degree is a class B felony under New York law. See N.Y. PENAL LAW § 220.39. Application Note 1 to Guidelines § 4B1.2(b) provides that for purposes of this section, "'controlled substance offense[s]' include the offenses of aiding and abetting, conspiring, and

*attempting* to commit such offenses." Application Note 1 (quoted in United States v. Green, 480 F.3d 627, 629 (2d Cir. 2007) (emphasis supplied)). Therefore, Wiggins' conviction for Attempted Criminal Sale of a Controlled Substance in the Third Degree under New York Penal Law § 220.39 qualifies as a "prior felony conviction," that is, a felony conviction "punishable by . . . imprisonment for a term exceeding one year[,]" U.S.S.G. § 4B1.2 Application Note 1 (quoted in Parnell, 524 F.3d at 170).

Second, Wiggins has a February 10, 1999 conviction by guilty plea for Criminal Possession of a Controlled Substance in the Fifth Degree with Intent to Sell (N.Y. Penal Law § 220.06(1)), for which he was sentenced to 30 months to 5 years in prison. Criminal Possession of a Controlled Substance in the Fifth Degree is a class D felony under New York law. See N.Y. PENAL LAW § 220.06(1). The version of P.L. § 70.00 (Sentence of imprisonment for felony) in effect at the time of Wiggins' conviction in 1999, provided in relevant part that "a sentence of imprisonment for a felony shall be an indeterminate sentence. When such a sentence is imposed, the court shall impose a maximum term in accordance with [P.L. § 70.00(2)] . . . and the minimum period of imprisonment shall be as provided in [P.L. § 70.00(3)]. . . ." N.Y. PENAL LAW § 70.00(1) (Eff. until Sept. 30, 2005, as amended by L.1995, cc. 1, 3). For a class D felony, the maximum could not exceed seven years, and the minimum had to be at least one year. See N.Y. PENAL LAW § 70.00(2)(d), (3). Therefore, Wiggins' conviction for Criminal

Possession of a Controlled Substance in the Fifth Degree with Intent to Sell under New York Penal Law § 220.06(1) qualifies as a "prior felony conviction," that is, a felony conviction "punishable by . . . imprisonment for a term exceeding one year[,]" USSG § 4B1.2 Application Note 1 (quoted in Parnell, 524 F.3d at 170).

Both before and after the Sentencing Commission's amendment deleting Guidelines § 4B1.2(a)(2)'s residual clause, the career offender provision of the Guidelines required at least, but no more than, *two* prior felony convictions of a controlled substance offense. As discussed above, Wiggins has two qualifying prior controlled substance offense convictions, and these were sufficient to trigger the application of the career offender provision of the Guidelines. Wiggins did not need to have a prior conviction for a "crime of violence" or a crime involving "violent physical force" in order to have his sentenced enhanced by the career offender Guidelines. Therefore, the Court finds that Wiggins' sentence does not run afoul of 2015 Johnson. See, e.g., Santiago v. United States, No. 00-CR-237(VM), 2016 WL 3023159, at *2 (S.D.N.Y. May 13, 2016) (finding Johnson inapplicable to Section 2255 motion where defendant had two prior controlled substance convictions and an assault conviction; the two controlled substance convictions triggered the application of the career offender guideline, and the assault conviction did not play a role in the application of the career offender guideline; therefore, defendant's sentence was not

enhanced by a crime of violence within the meaning of the Guidelines' residual clause).

**CONCLUSION**

For the reasons discussed above, the Court **denies** the Section 2255 Motion (Dkt #81) filed by Jewell D. Wiggins. The Clerk of Court is directed to close this case.

**SO ORDERED**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   February 10, 2017
         Rochester, New York